UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CARGOTEC USA, INC.                                CIVIL ACTION

VERSUS                                            NO: 09-3802

FIBERGLASS SOLUTIONS, LLC                         SECTION: R

**ORDER AND REASONS**

Before the Court is plaintiff Cargotec USA, Inc.'s Motion to Remand (R. Doc. 7). For the following reasons, the motion is GRANTED.

**I. Background**

This case arises out of an equipment lease between plaintiff and defendant. In November of 2006, the parties entered into the lease, under which defendant leased two overhead cranes from Cargotec.[1] Under the terms of the lease, defendant assumed responsibility for any damage to the cranes, and, if there was in fact damage, agreed to pay a penalty of $1,150 in addition to the cost of repair.

---

[1] The parties' names have changed since the time of the lease. The lessor of the cranes was Platform Crane Service, Inc., which later changed its name to MacGregor-PCS, Inc. MacGregor-PCS merged with MacGregor (USA) Inc., and the entity merged with and into Cargotec USA, Inc. in 2009. Additionally, the original lessee of the cranes was EFILA, LLC, which later changed its name to Fiberglass Solutions. To avoid confusion, the Court will refer to the entities by their current names throughout.

1

In February of 2008, Cargotec inspected the cranes and found them to be damaged. After making demand on defendant to submit payment for the damage, Cargotec filed this suit in May of 2009 in the 25th Judicial District Court for the Parish of Plaquemines. Its prayer for judgment reads as follows:

> WHEREFORE, Plaintiff, Cargotec USA Inc., prays that there be judgment in its favor and against Defendant, Fiberglass Solutions LLC:
>
> a. awarding damages in an amount of $65,095 resulting from Defendant's failure to repair the overhead crane,
>
> b. awarding penalties under the Equipment Lease in the amount of $1,150 resulting from Defendant's failure to repair the overhead cranes,
>
> c. *awarding loss of rents resulting from Defendant's failure to repair the overhead cranes.*

(R. Doc. 1, Ex. 3 at 8-9 (emphasis added).) Fiberglass timely removed the case to this Court. Cargotec now moves to remand on the grounds that the amount-in-controversy requirement for diversity jurisdiction is not satisfied.

**II. Discussion**

Federal district courts have original jurisdiction over civil actions in which the parties are citizens of different states and the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Any civil action brought in a state court may be removed to federal court if the federal district court has original jurisdiction over the matter. *Id*. § 1441(a). Here, Cargotec is a citizen of both Delaware and Kansas and defendant

is a citizen of Missouri. *See id*. § 1332(c)(1). The parties disagree, however, as to whether the $75,000 amount-in-controversy requirement has been satisfied.

With respect to the amount-in-controversy requirement, "[t]he rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938); *see also Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408-09 (5th Cir. 1995). When a case has been removed to federal court, however, the removing defendant must prove by a preponderance of the evidence that the amount in controversy meets or exceeds the statutory minimum. *Allen*, 63 F.3d at 1335; *De Aguilar*, 47 F.3d at 1409. The defendant can make this showing either by pointing to the face of the complaint,[2] or by setting forth facts that support a finding of the requisite amount. *See Grant v. Chevron Phillips Chem.*

---

[2] The difficulty of determining the amount in controversy from the face of the complaint occasionally derives from the Louisiana rule preventing a plaintiff from alleging an amount of damages in its prayer for relief. LA. CODE CIV. P. art. 893 ("No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand."). Cargotec's state-court complaint alleges an amount of damages for damage to the cranes and penalties, but does not provide a dollar figure for lost rents. The situation is therefore functionally the same as if the complaint did not allege an amount in controversy.

3

*Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (citing *Allen*, 63 F.3d at 1335); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant can set forth these facts in the removal petition, or by "summary judgment type evidence," such as an affidavit. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). If the removing party carries its burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000, the plaintiff may still defeat federal jurisdiction by showing to a legal certainty that less than $75,000 is at stake in the lawsuit. *Grant*, 309 F.3d at 869. The Fifth Circuit has made clear that this is not a burden-shifting exercise, and that a plaintiff must make all information known at the time he files the complaint. *See id.* (quoting *De Aguilar*, 47 F.3d at 1412).

Here, the defendant has not met its burden. A removing defendant must do more than point to something that might show that the plaintiff's prayer will exceed the statutory minimum. Rather, it must produce actual evidence to establish that the statutory minimum is satisfied. *Grant*, 309 F.3d at 869. In its complaint, Cargotec prays for specific damages of $66,245 in addition to its unspecified prayer for lost rents. Defendants note that Cargotec alleges that "as a result of [defendant's] failure to pay the cost of repair of the overhead cranes, [Cargotec] has been unable to use or rent the overhead cranes"

4

and that defendant "is liable for the loss of rents resulting from [its] failure to repair the overhead cranes." (R. Doc. 1, Ex. 3 at 8.) Defendant infers from these statements that Cargotec seeks lost rent from the cranes from the time it discovered the damage until the time it filed suit in state court, from February 2008 until May 2009. The parties agree that the monthly rent for the cranes is $1,150. Accordingly, defendants argue that the $17,250 in lost rents for this fifteen-month period would be sufficient to exceed the amount-in-controversy requirement.

The complaint, however, contains no indication that Cargotec seeks lost rents for this full fifteen-month period. Defendant merely points to the date upon which Cargotec discovered the damage and the date upon which the state-court complaint was filed and draws the implication that the prayer is for the entire period. But this implication is corroborated by nothing else in the complaint itself.[3] In fact, the brief complaint contains no indication of what amount is being requested for lost rent, and is therefore not facially apparent as to this amount. Defendant has shown that fifteen months elapsed between the time the damage

---

[3] In its motion to remand, Cargotec asserts that repairing the cranes will take no more than three months and, because it has a duty to mitigate damages, it cannot recover more than three months of rent. This notion, however, is similarly not inferable from the face of the complaint, and cannot resolve the ambiguity over the amount requested in the prayer for relief.

was discovered and the time suit was filed, but it has not provided any reason to think that this period is coterminous with the period of lost rents that Cargotec seeks to recover. Cargotec pleads an exact repair cost and states that it made demand upon defendant to make payment in September of 2008. It is equally plausible that Cargotec paid for the repairs and lost rents only until it had the repairs made. The mere fact that the state suit was filed fifteen months after the damage was discovered does not make it more likely than not that the complaint seeks damages that meet or exceed $75,000. Defendant has therefore not shown how the face of the complaint establishes by a preponderance of the evidence that the amount-in-controversy requirement is satisfied by the face of the complaint.

Even if the face of the complaint remains ambiguous, the parties have the opportunity to provide "summary judgment type evidence" in support of its contention that the amount in controversy exceeds the statutory minimum. *Manguno*, 276 F.3d at 723. Neither party has done so. The Court would credit an affidavit attesting to the amount in controversy, *see Guillory v. Chevron Stations, Inc.*, No. 03-2385, 2004 WL 1661201, at *2 (E.D. La. 2004), but none is available here.

If, after removal, it appears that the district court lacks subject-matter jurisdiction over the matter, the court must remand the case to state court. 28 U.S.C. § 1447(c). "[D]oubts

regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000); *see also Manguno*, 276 F.3d at 723 ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."). Here, the removing defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000, and neither party has provided the Court with actual evidence confirming that jurisdiction does or does not exist. The Court therefore cannot determine whether subject-matter jurisdiction exists over this case, and the case will be remanded to state court under 28 U.S.C. § 1447(c).

## III. Conclusion

For the foregoing reasons, plaintiff's motion to remand is GRANTED and this case is REMANDED to the 25th Judicial District Court for the Parish of Plaquemines.

**New Orleans, Louisiana, this __9th__ day of October, 2009.**

_____
**SARAH S. VANCE
UNITED STATES DISTRICT JUDGE**